IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
------------------------------------------------------------

STATUS SOLUTIONS, LLC,

                       Plaintiff,                        OPINION AND ORDER

     v.

                                                      20-cv-01119-wmc

JNL TECHNOLOGIES, INC. and
JAMES P. GLEASON, individually,

                      Defendants.

------------------------------------------------------------

In this action, plaintiff Status Solutions claims that defendants JNL Technologies, Inc. and James P. Gleason are each liable for violating the Defend Trade Secrets Act, 18 U.S.C. § 1836, and various other state laws, including Wisconsin's Computer Crimes Act, Wis. Stat. § 943.70, misappropriation of trade secrets under Wis. Stat. § 134.90, breach of contract, unfair competition, injury to business under Wis. Stat. § 134.01, and property damages or loss under Wis. Stat. § 895.446. (Compl. (dkt. #1).) Defendants have moved to dismiss all but one of these claims (for breach of contract) on the grounds that plaintiff has alleged that it discovered the alleged misappropriation at least by March 2017, if not earlier, yet waited until December of 2020 to file the complaint, and thus failed to satisfy the three-year statute of limitations on those claims. (Dkt. #6.) For the reasons that follow, the court agrees that the evidence may well establish plaintiff knew or should have known of defendants' breach at least three years before bringing suit, but viewing the allegations in a light most favorable to plaintiff, the motion to dismiss must be denied at this time.

ALLEGATIONS OF FACT[1]

Plaintiff Status Solutions is an Ohio limited liability company that develops and distributes risk management and situational awareness hardware and software for various industries throughout the United States and Canada. (Compl. (dkt. #1) ¶ 4.) In particular, they have developed a single product solution called "Situational Awareness and Response Assistant" or "SARA," which controls all alarm and communication systems from a central point. (*Id.* ¶ 11.) The Plaintiff owns trade secrets in SARA, allegedly including technical, business, and competitive information that is not generally known by competitors or others in the industry. (*Id.* ¶ 14.)

Defendant JNL is a Wisconsin corporation with its principal place of business in Ixonia, Wisconsin, and defendant James Gleason is a Wisconsin resident and president of JNL. (*Id.* ¶¶ 5-6.) JNL is a manufacturer of alert systems in the senior housing market. (*Id.* ¶ 5.)

JNL and Status Solutions entered into a Non-Disclosure Agreement in October 2012 allowing for an exchange confidential information "for the purpose of investigating a potential business relationship." (*Id.* ¶ 16.) Among other information exchanged, Status Solutions provided the SARA source code to JNL to broaden the functional capabilities of SARA for a larger customer base. (*Id.* ¶¶ 16-17.) Under the NDA, JNL was obligated to protect the confidentiality of the information exchanged and "refrain from copying or

---

[1] In resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint, *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), and views them in the light most favorable to the non-movant, *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

disclosing the Confidential Information received." (*Id.* ¶ 19.) In addition to the NDA, the parties also entered into a reseller agreement in November 2012 and an installation agreement in April 2013, resulting in JNL obtaining additional confidential information, the use of which was restricted to fulfilling the purposes of those agreements. (*Id.* ¶¶ 21-26.)

### A. Status Solutions

Status Solutions alleges JNL violated the NDA by its using its confidential information to develop competing software and solicit its customers. (*Id.* ¶ 20.) Critical to defendants' motion to dismiss, Status Solutions affirmatively alleges JNL developed and began offering a monitoring solution by October 2016, that is "virtually identical" to SARA, called "Quantum," which was marketed and sold to senior housing facilities. (*Id.* ¶¶ 32-34). Status Solutions claims that these acts constitute both misappropriation of trade secrets and breach of contract.

OPINION[2]

A motion to dismiss under federal Rule of Civil Procedure 12(b)(6) is designed to test whether a complaint is legally sufficient, and will only be granted if no relief is available under any set of facts consistent with the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

---

[2] The court has subject matter jurisdiction over plaintiff's federal claim under 28 U.S.C. § 1331, and exercises its supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims. The court also appears to have jurisdiction over this action under its diversity jurisdiction, 28 U.S.C. § 1332(a), as plaintiff is alleged to be a limited liability corporation under Ohio law, with its two members likely domiciled there as well; defendants are alleged to be citizens of Wisconsin; and the amount in controversy allegedly exceeds $75,000. (Compl. (dkt. #1) ¶¶ 4-6, 8.)

(2009). The Seventh Circuit is particularly hesitant to grant a Rule 12(b)(6) motion to dismiss on grounds of an affirmative defense under Rule 8(c)(1), including statute of limitation defenses. *Richards v. Mitcheff*, 696 F.3d 635 (7th Cir. 2012). Nevertheless, if a plaintiff alleges facts in the complaint that *foreclose* a finding that the claims are timely, a district court may grant a motion to dismiss based on a statute of limitations' defense.[3]

In their motion, defendants argue for dismissal on statutes-of-limitations grounds as to all causes of action arising under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, the Computer Crimes Act under Wis. Stat. § 943.70, misappropriation of trade secrets under Wis. Stat. § 134.90, unfair competition, injury to business under Wis. Stat. § 134.01, and property damages or loss under Wis. Stat. § 895.446. Specifically, under 18 U.S.C. § 1836(d), the statute of limitations on an action arising under the Federal Defend Trade Secrets Act is 3 years from the date on which the alleged misappropriation was discovered or should have been discovered through the "exercise of reasonable diligence." The statute of limitations for a misappropriation of trade secrets under Wis. Stat. 134.90 is also 3 years from the date the alleged misappropriation was discovered or should have been discovered. Wis. Stat. § 893.51(2). Similarly, the remaining tort actions have a 3-year statute of limitations from the time of discovery under Wis. Stat. § 893.93.[4]

Defendants further argue that because plaintiff alleges in the complaint that JNL

---

[3] Although bringing a Rule 12(c) motion for judgement on the pleadings may have been more appropriate, the same standard applies for both motions, which are often used interchangeably. *See* Fed. R. Civ. P. 12(c); *Richards v. Mitcheff*, 696 F.3d 635, 637-638 (7th Cir. 2012).

[4] In contrast, a breach of contract claim under Wisconsin law has a statute of limitations of 6 years. Wis. Stat. § 893.43.

4

began developing a competing product to SARA in 2014 and distributing it in 2016, then plaintiff knew or should have known about the alleged misappropriation of trade secrets in 2016, if not before. In their view then, plaintiff has pleaded themselves out of their federal and state statutory claims, as all of the applicable statute of limitations had passed before the complaint was filed in December 2020. Viewing those allegations in isolation, however, the court does not find this argument particularly persuasive. In particular, the cited portions of the complaint do not allege that plaintiff *knew* of defendants' misappropriations in 2016, only that they *occurred* in 2016, and just because an investigation into the matter later revealed the exact dates of the misappropriation does not compel an inference that plaintiff knew of the misappropriation (or even should have been aware of it) at the time it actually occurred.

In the complaint, however, plaintiff *also* alleges that one of its customers, Glenhaven, terminated their business contract on March 31, 2017, and switched to defendants' product. (Compl. (dkt. #1) ¶ 54.) Curiously, in its opposition brief, plaintiff changed this date without explanation to March 31, 20<u>20</u>. (Pl.'s Opp'n (dkt. #7) 6.) If the date in the original complaint were a mistake, plaintiff could have filed an amended complaint to fix it, but it did not do so, nor has it given an explanation, or even acknowledged why the date was changed in its opposition brief. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accepting the facts as pleaded in the complaint as true, therefore, it would appear reasonable to infer that plaintiff knew of defendants' misappropriation of trade secrets when it was notified by Glenhaven

5

that it had switched to defendants' competing product in March 2017. Even so, the court must construe all inferences in *plaintiff's* favor in evaluating a motion to dismiss, and under this standard, the allegations do not *preclude* an alternative inference: that notice of a switch to defendants' product did not, *by itself*, mean that defendants had misappropriated plaintiff's trade secrets. Accordingly, this is a matter best decided on a fuller record at summary judgment, and defendants' motion to dismiss will be denied.

ORDER

IT IS ORDERED that defendants' motion to dismiss under Rule 12(b)(6) (dkt. #6) is DENIED.

Entered this 8th day of July, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge